IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            Case No. 2:19-cr-20146-MSN

MICHAEL FRUITTICHER,

    Defendant.

---

### ORDER ADOPTING REPORT AND RECOMMENDATION ON MOTION TO SUPPRESS AND DENYING MOTION TO SUPPRESS

---

Before the Court is Magistrate Judge Christoff's Report and Recommendation on Motion to Suppress (ECF No. 151, "Report") entered November 21, 2023. The Report recommends that Defendant's Motion to Suppress (ECF No. 113, "Motion") be denied. Objections to the Report were due on or before December 5, 2023. To date, no objections have been filed. For the reasons set forth below, the Court **ADOPTS** the Report and **DENIES** Defendant's Motion to Suppress.

### STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59, a district court may refer a motion to suppress to a magistrate judge for the preparation of a report and recommendation. "The magistrate judge must promptly conduct the required proceedings and enter on the record a recommendation for disposing of the matter, including any proposed findings of fact." Fed. R. Crim. P. 59(b)(1). If a party files timely objections to the recommendation, the district court must consider those objections *de novo* and "accept, reject, or modify the

recommendation." Fed. R. Crim. P. 59(b)(3). Failure to object to a magistrate judge's findings or conclusions results in forfeiture of those objections.[1] Fed. R. Crim. P. 59(b)(2).

"The filing of objections to a magistrate [judge]'s report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Therefore, objections to a magistrate judge's report must be "specific." Fed. R. Crim. P. 59(b)(2). Vague, general, or conclusory objections are improper, will not be considered by the reviewing court, and are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate [judge]'s report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."); *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.")  The Court need not review—under a *de novo* or any other standard—those aspects of a report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150–52 (1985).

---

[1] Although the text of the Rule 59(b)(2) provides that a failure to object "waives a party's right to review," the Sixth Circuit has clarified that a failure to object is not a waiver, but a forfeiture. *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here.") (explaining, "*Thomas v. Arn* held that 'the failure to file objections to the magistrate's report *waives* the right to appeal the district court's judgment,'" but *Arn* preceded the Supreme Court's clarification in *United States v. Olano*, 507 U.S. 725, 733 (1993).)  The difference matters because forfeited issues may nevertheless be considered on appeal in certain circumstances. *Id.* (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

2

**DISCUSSION**

On May 13, 2019, officers arrested Defendant at his place of employment, the Memphis Fire Station at 6675 Winchester Road, Memphis, Tennessee, and towed his Dodge Ram truck, which was parked in the station's lot. Three days later, on May 16, 2019, officers obtained a warrant to search the truck for electronic devices and other items that could contain evidence of Defendant's alleged years' long sexual abuse of his stepdaughter, B.S. Defendant argues that evidence recovered during the search of his truck should be suppressed. Defendant makes two arguments in support of suppression: (1) the initial warrantless seizure of his truck violated the Fourth Amendment; and (2) the warrant obtained to search the truck was not supported by probable cause.

The Report starts with the warrantless seizure of Defendant's truck. It concludes that officers had probable cause to seize the truck, and therefore, the warrantless seizure was not constitutionally improper under the automobile exception to the warrant requirement. Alternatively, the Report finds that the evidence would be admissible under the inevitable discovery rule. The Report also notes an inherent contradiction in Defendant's arguments because either (1) the mobile nature of his truck created an exigency justifying its seizure pursuant to the automobile exception, or (2) the truck and its contents would have remained in the fire station parking lot, and the evidence would have been inevitably discovered when the warrant was obtained. In other words, when Defendant argues there was no exigency, that supports the inevitable discovery rule, but when Defendant argues against the inevitable discovery rule, that supports the existence of an exigency.

Next, the search warrant. The Report does not reach whether the warrant was supported by probable cause; instead, it concludes that, even if the warrant was defective, the evidence should

not be suppressed because the officers' reliance on the warrant satisfies the good-faith exception set forth in *United States v. Leon*, 468 U.S. 897 (1984).

The Magistrate Judge entered her report on November 21, 2023, and the Report warned that objections were due within 14 days of being served with a copy of the Report and failure to object may constitute a waiver of any objections, exceptions, and any further appeal. To date, no objections to the Report's findings or recommendations have been filed, and the deadline for doing so has expired. The Court has reviewed the Report for clear error and finds none. Accordingly, the Court **ADOPTS** the Report in its entirety and therefore **DENIES** Defendant's Motion to Suppress.

## CONCLUSION

For the reasons set forth above, the Report and Recommendation on Motion to Suppress (ECF No. 151) is **ADOPTED** in its entirety. Defendant's Motion to Suppress (ECF No. 113) is **DENIED**.

**IT IS SO ORDERED**, this 8th day of December, 2023.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE