**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.  19-cr-20146-MSN** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MICHAEL FRUITTICHER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**POSITION OF THE UNITED STATES WITH RESPECT TO
THE PRESENTENCE INVESTIGATION REPORT**

COMES NOW the United States of America, by and through its counsel, D. Michael Dunavant, United States Attorney for the Western District of Tennessee, and Lauren J. Delery, Assistant United States Attorney, and notifies the Court of the position of the United States with respect to the Presentence Investigation Report (PSR) prepared in this matter.

1.  The attorney for the United States has received and reviewed the PSR.

2.  The United States has no objections to the facts or calculations contained in the PSR.

3.  The defendant has objected certain facts and calculations in the PSR, without setting forth specific bases for the objections or offering anything more than a bare denial. A district court may rely on the factual findings in a presentence investigation report unless the defendant produces evidence that the report is inaccurate. *United States v. House*, 872 F.3d 748, 752 (6th Cir. 2017) (internal citations omitted). ("A defendant cannot show that a PSR is inaccurate by simply denying the PSR's truth…[H]e must produce more than a bare denial, or the judge may rely entirely on the PSR."). The defendant has

1

not provided a basis for the Court to reject any facts presented in the PSR, and the United States urges the Court to deny any factual objections and the resulting enhancements or adjustments to the offense level.

4. The United States specifically responds to the objections of the defendant as follows:

    a. **Enhancement in Paragraph 33**: As set forth in Paragraphs 7 and 8, the minor victim reported that the defendant began his offense conduct when she was approximately eight or nine years old, and that from that age, the defendant raped her; forced her to dress up in her mothers clothing, lingerie, and costumes and to role play while he sexually abused her; and used several cell phones to record the abuse. The defendant has not objected to this factual basis for the enhancement. Because the offense conduct began before the minor had attained the age of 12, the four level enhancement under USSG 2.1(b)(1)(A) is properly applied.

    b. **Enhancement in Paragraph 34**: The defendant used force against the minor victim while raping her: as set forth in Paragraph 8, the minor victim reported that the defendant forced her to perform oral sex on him; as set forth in Paragraph 9, the defendant stopped raping her anally after two years "because she would fight him and tell him the anal penetration hurt too much;" and as set forth in Paragraph 22, the defendant would grab her hair and yank her head or grab her by the chin to force her to look in the mirror while sexually abusing her. The defendant also used threats while raping the minor victim: Paragraph 8 recites that the defendant threatened to hurt the minor victim and the minor victim's mother if the minor victim told anyone about the rapes. Specifically, the minor victim reported that the defendant threatened her that "If you tell anyone I'm doing this with you, I will

hurt your mother and I will hurt you. If that means I have to kill you, I will." The defendant has not objected to the factual basis for this enhancement. The use of force and the threats to the minor victim and her mother's life is "conduct described in 18 U.S.C. § 2241(a) or (b)." USSG §2G2.1, Comment 2. The four level enhancement of USSG §2G2.1(b)(2) is properly applied.

c. **Enhancement in Paragraph 36**: The minor victim is autistic and has issues with comprehension, which the defendant exploited by claiming the sexual exploitation was their way of showing love so that the minor victim did not understand that the sexual exploitation was not okay. See Paragraph 20. Because of his long relationship with the minor victim, the defendant knew, or at least should have known, of her condition that made her unusually vulnerable to his lies and sexual exploitation. The victim related adjustment pursuant to USSG §3A1.1(b)(1), which adds a two level enhancement when a victim is unusually vulnerable due (pertinently) to mental condition, is properly applied.

d. **Adjusted Offense Level (Subtotal) in Paragraph 39**: As discussed above, offense level is properly calculated, and the defendant's objection to the offense level subtotal should be denied.

e. **Total Offense Level in Paragraph 42**: Again, the offense level is properly calculated. The defendant's objection to the total offense level should be denied.

5. The United States expects that the minor victim will give a victim impact statement. The United States does not expect to call any witnesses or present evidence. The sentencing hearing should last about an hour.

Respectfully submitted this 2nd day of March, 2026.

D. MICHAEL DUNAVANT
United States Attorney

s/ Lauren J. Delery
LAUREN J. DELERY
Assistant United States Attorney
167 N. Main, Suite 800
Memphis, TN 38103
901-544-4231
lauren.delery@usdoj.gov


CERTIFICATE OF SERVICE

This is to certify that, on the above stated date, a copy of the foregoing pleading has been served on the defendant, by electronic filing with the Clerk of Court via the Court's ECF system, which will send notification of the filing to the defendant's attorney of record.

s/ Lauren J. Delery
LAUREN J. DELERY
Assistant United States Attorney

4